# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# EASTERN DIVISION

VICKY T. LAMARR                                                                                  PLAINTIFF

V.                                             CIVIL ACTION NO.: 1:07CV141-SA-JAD

CHASE HOME FINANCE, LLC, and                                      DEFENDANTS
CHASE MORTGAGE SERVICES, INC.

## MEMORANDUM OPINION GRANTING MOTION FOR DEFAULT JUDGMENT AND MOTION TO STRIKE

This cause comes before the Court on the Counter-Plaintiff's Motion for Default Judgment and Motion to Strike. The Counter-Defendant has responded in opposition and the Court is prepared to rule.

Vicky T. Lamarr commenced this action in the Chancery Court of Lee County on May 31, 2007. Chase Home Finance, LLC ("Chase") removed this action based upon both diversity and federal bankruptcy jurisdiction on July 11, 2007. On June 29, 2007, Chase filed its Answer, Defenses, and Counterclaim. Pursuant to Federal Rule of Civil Procedure 12(a)(2), Lamarr was required to answer the counterclaim within 20 days after service of Chase's Counterclaim. Thus, the latest date upon which Lamarr could timely answer was July 19, 2007.

Lamarr failed to timely respond to Chase's counterclaim. As a result, Chase filed a motion for entry of default with the district court clerk on July 24, 2007, against Lamarr as to the Counterclaim. The same day the clerk entered default, Lamarr filed her untimely Answer to Chase's Counterclaim.

Chase requests this Court to strike Lamarr's Answer to the Counterclaim and enter default judgment in favor of Chase for the relief requested in the Counterclaim.

Lamarr filed her Answer five days late without seeking leave of Court. Lamarr's counsel

has not offered any reason to the Court for said tardiness.  In Lamarr's response to Defendant's Motion for Default Judgment, Lamarr contends that Chase should have proceeded under Federal Rule of Civil Procedure 55(b)(2) rather than 55(b)(1) as to the entry of default. Further, Lamarr argues that Defendant's motion is moot due to the fact that her Answer was filed on the same date as the clerk's entry of default.  Lamarr's argument lacks merit and is not in accordance with the Federal Rules of Civil Procedure.

The Federal Rules of Civil Procedure contemplate a two part procedure in entering default. First, under Rule 55(a), upon a proper showing that a party has failed to plead or otherwise defend a case brought against him, the clerk of the court is required to enter a default. FED. R. CIV. P. 55(a). Here, because Lamarr failed to answer Chase's Counterclaim timely, the clerk properly entered default on July 24, 2007.  This entry prevents the defaulting party from entering any appearance or defense in an action without further court order.  Robbins v. Walker, 2008 WL 341658, at *1 (S.D. Miss. Feb. 5, 2008).  Therefore, after default was entered by the clerk, Lamarr should not have filed her Answer until she sought leave of court or until she sought relief from the clerk's entry of default, i.e., filed a motion to set aside entry of default pursuant to Federal Rule of Civil Procedure 55(c).

After default is entered by the clerk, the court then proceeds, under Rule 55(b) to enter judgment – by the clerk if the damages are liquidated and by the court if a hearing to determine damages is required. In the present case, Chase is seeking dismissal of the Complaint, possession of the subject property, and costs, fees, and expenses related to these proceedings.

Lamarr failed to file a timely Answer to Chase's Counterclaim.  Therefore, Chase's Motion to Strike Plaintiff's Answer is GRANTED.  Further, because Lamarr failed to seek the Court's permission to file her untimely answer and failed to file a motion to set aside the clerk's entry of

default, Chase's Motion for Default Judgment is also GRANTED. Due to the nature of the damages, pursuant to Federal Rule of Civil Procedure 55(b)(2), a hearing for determination of damages and for entry of final default judgment against Plaintiff Lamarr is set for October 17, 2008. A separate order in accordance with this opinion shall issue this day.

    **SO ORDERED** this the 26th day of August 2008.

                                            **/s/ Sharion Aycock**
                                            **UNITED STATES DISTRICT JUDGE**